IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS AKINRO                    *
    Plaintiff,
  v.                              *   CIVIL ACTION NO. WMN-10-1394

RAMADA LIMITED, et al.            *
    Defendants.
                               ***

## **MEMORANDUM**

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor," "Assistant Attorney General" for the State of Maryland," "U.S. Solicitor General" and Department of Justice employee, filed this 28 U.S.C. § 1332 action on May 27, 2010, naming Ramada Limited, the Inglewood, California Police Department, the UCLA Harbor Medical Center in California, and the Superior Court of Inglewood, California as Defendants.  His statement of facts alleges that:

> "The listed Defendants are guilty of genocide punishable by death sentence even though they release me after opening seventy trillion rounds of bullet on me follow by general beating by about ten policemen, follow by poison gas which is designed to use in the war front, which they use for up to three hours while transporting to UCLA Harbor Medical, follow by Lathern injection which is design to kill people legally after conviction after final hearing in highest court.  Defendants continue to poison me and did not give me any food, water, hot things from December 3, 2009 to December 8, 2009.  On December 8, 2009, they carried out my death penalty though all the method I described above.  They refuse to release me at UCLA Harbor Medical and continue to poison me in their hospital.  On December 13, 2009, they turn my head to my back until blood is rushing from my ear to my mouth.  On December 28, 2009, they release me when I did not die because my God who have served saved me from their death and from the expectation of Nigeria Ibo's tribe."

Paper No. 1 at 2.

In his relief request, Plaintiff seeks the award of $497,000,000,000,000.00 and court order to stop the wearing of police uniforms at every city and county where he "may be open to gun fire." Paper No. 1 at 3.  He further asks that life imprisonment and the death penalty be imposed on the

named Defendants based on the "aggravated circumstances."[1] Although Plaintiff's indigency application contains information the court finds suspect,[2] he shall be granted leave to proceed *in forma pauperis*.

This Court may preliminarily review the Complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the Complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se C*omplaint and accompanying materials a generous construction, the Court finds no basis to allow the action to go forward or to require supplementation. The Complaint allegations are incredible..[3] The matter shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.

Date: June 7, 2010

/s/
_____
William M. Nickerson
Senior United States District Judge

---

[1] Also attached is a Complaint Addendum which cites to California hate crimes and federal criminal code It is further accompanied by an arrest warrant for over 80 individuals from Maryland, Texas, California, and Nigeria, including government officials from Maryland, police officers from California, and a Maryland federal court judge. Paper No. 1 at Attachments.

[2] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at four separate banks. Paper No. 2.

[3] To the extent that there is an underlying civil rights claim buried within Plaintiff's allegations regarding his arrest and treatment by California police officers and hospital staff, the claims have nothing to do with the state of Maryland and, if cognizable in federal court, should be filed in the U.S. District Court for the Central District of California.